IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA,
WESTERN DIVISION

| | |
|---|---|
| **KELLY STAFFORD,** | |
| **GRASS ROOTS NORTH CAROLINA,** | |
| **SECOND AMENDMENT FOUNDATION,** and | Civil Action No. _____ |
| | Complaint – Civil Rights |
| **FIREARMS POLICY COALITION, INC.,** | |
| **Plaintiffs** | |
| v. | |
| **GERALD M. BAKER,** in his official capacity as Sheriff of Wake County, North Carolina, | |
| **Defendant** | |

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF**

Plaintiffs Kelly Stafford, Grass Roots North Carolina (GRNC), Second Amendment Foundation, Inc. (SAF), and Firearms Policy Coalition, Inc. (FPC), by and through their undersigned counsel, hereby raise the following complaints against Defendant Gerald M. Baker, in his official capacity as Sheriff of Wake County, North Carolina:

1

# INTRODUCTION

1. This action is of substantial public concern coming in the midst of a widespread public health crisis, which Defendant Baker, as Wake County Sheriff, just invoked as the basis for refusing any new applications for pistol purchase permits ("PPP") or concealed handgun permits ("CHP") until April 30, 2020, but which in reality *heightens* the need for upholding to the fullest extent of the law the fundamental constitutional right to keep and bear arms under the Second Amendment.

2. Indeed, Defendant Baker is statutorily *required* to issue these permits, and within a finite period of time, so long as the applicant meets the eligibility criteria, and no exception exists for administrative complications, inadequate staff or resources, or any other extenuating circumstances in processing the applications.

3. For the average, law-abiding citizen of Wake County, being a holder of a valid existing CHP is the sole exception to the requirement of a PPP as a prerequisite to the lawful acquisition of a handgun. Consequently, Defendant Baker's newly instituted practice of refusing to accept and process any new PPP applications erects an absolute bar against obtaining a handgun for all average law-abiding residents in the County who do not already hold a valid existing CHP. And, if he has his way, this ban will persist for more than a month, all throughout which society everywhere is bound to remain in the very sort of calamitous state that

brings the right to keep and bear arms to the forefront in securing the lawful defense of hearth and home.

4. Plaintiff Stafford, the members and supporters of GRNC, SAF, and FPC, and all other similarly situated individuals who are law-abiding residents of Wake County otherwise fully qualified to apply for and obtain a PPP come before this Court, respectfully praying for the relief they need, to which they are entitled, and that only this Court can grant in rectifying this untenable situation – declaratory and injunctive orders, including a temporary restraining order and preliminary injunction, ultimately compelling Defendant Baker to immediately resume accepting and processing new PPP applications and, barring that, suspending the PPP requirement itself for so long as Defendant Baker may fail or refuse to do so.

## THE PARTIES

*Individual Plaintiffs*

5. Plaintiff Kelly Stafford is a natural person, a citizen of the United States, and a resident of Wake County, North Carolina. She is a member and supporter of GRNC. Plaintiff is not prohibited under any applicable law from the purchase, receipt, transfer, possession, or other use of a firearm and, in fact, she meets all the eligibility criteria for applying to obtain and obtaining a PPP under the governing statutory scheme. Plaintiff Stafford desires to apply for and obtain such a permit so that she may exercise these statutory rights, which is the only

effective means by which she may ultimately exercise her constitutional rights to keep and bear arms in the County of Wake. To that end, she has attempted to apply for a PPP, but Defendant Baker's recent declaration halting acceptance of any new PPP applications until April 30, 2020, has precluded her from even applying for a PPP, much less obtaining one.

6. Plaintiff Stafford brings this action on behalf of herself, and as a representative of the class of similarly situated individuals consisting of law-abiding residents of Wake County, North Carolina, otherwise eligible to apply for and obtain a PPP, but who are precluded from doing so solely because of Defendant Baker's illegal and unconstitutional ban on all new applications for such permits through April 30, 2020.

*Institutional Plaintiffs*

7. Plaintiff GRNC is a 501(c)(4) organization dedicated to the protection and advancement of constitutional and civil liberties. GRNC has over 20,000 paid and affiliate members, and advances legislation and litigation on its members' behalf. Plaintiff Stafford is among the members of GRNC.

8. Plaintiff SAF is a nonprofit educational foundation incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF seeks to preserve the effectiveness of the Second Amendment through education, research, publishing, and legal action programs focused on the constitutional rights to possess firearms. SAF has over 650,000 members and

supporters nationwide, including in North Carolina. SAF brings this action on behalf of itself, its members, and supporters.

9. Plaintiff FPC is a non-profit membership organization incorporated under the laws of Delaware with its principal place of business in Sacramento, California, with members in states around the country, including North Carolina. FPC serves these members and the public through direct and grassroots advocacy, legal efforts, and education aimed at defending the fundamental rights, privileges, and immunities guaranteed by the United States Constitution and embedded into the fabric of this nation through its deeply rooted histories and traditions, especially the fundamental right to keep and bear arms enshrined in the Second Amendment.

10. GRNC, SAF, and FPC represent their members and supporters, and bring this action on behalf of themselves, their members, and supporters who possess all the indicia of membership, and all other individuals similarly situated to Plaintiff Stafford. Each organization has expended and diverted resources otherwise reserved for different institutional functions and purposes, and each has been adversely and directly harmed, by the illegal and unconstitutional actions of Defendant Baker.

11. As to all claims made in a representative capacity, there are common questions of law and fact that substantially affect the rights, duties, and liabilities of potentially numerous similarly situated residents whose Second Amendment

5

rights have been and are continuing to be infringed by the challenged actions of Defendant Baker.

12. The relief sought in this action is declaratory and injunctive in nature, and the action involves matters of substantial public interest. Considerations of necessity, convenience, and justice warrant relief to both Individual Plaintiffs and Institutional Plaintiffs in a representative capacity. Institutional Plaintiffs are uniquely situated and able to communicate with and provide notice to their members, supporters, and other constituents who are or would be part of any identifiable class of individuals for whose benefit this Court may grant the requested relief.

*Defendants*

13. Defendant Gerald M. Baker is the elected Sheriff of Wake County, North Carolina, responsible for overseeing and exercising law enforcement authority throughout the county, including the acceptance and processing of PPP and CHP applications in accordance with the statutory process established under N.C.G.S. §§ 14-402 et seq. and 14-415.12 et seq. for all county sheriffs in the State. Defendant Baker is a "person" within the meaning of 42 U.S.C. § 1983, and was, has been, and continues to be, acting under color of state law at all relevant times.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and 42 U.S.C. §§ 1983 and 1988, as this action seeks to redress the deprivation under color of the laws, statutes, ordinances, regulations, customs, and usages of the State of North Carolina, of the rights, privileges or immunities secured by the United States Constitution and, in particular, the Second Amendment. To the extent Plaintiffs' claims may allege or may be construed to allege state law claims, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

15. Venue lies in this Court under 28 U.S.C. § 1391, as the events giving rise to Plaintiffs' causes of action arose or exist in this district in which the action is brought.

## RELEVANT STATUTORY LAW

16. North Carolina law requires every person wishing to purchase or receive a handgun to first obtain a permit – a PPP – from the sheriff of the county where he or she resides, or already possess a valid existing CHP. N.C.G.S. § 14-402(a).[1]

---

[1] N.C.G.S., §14-402(a) provides:

It is unlawful for any person, firm, or corporation in this State to sell, give away, or transfer, or to purchase or receive, at any place within this State from any other place within or without the State any pistol unless: (i) a license or permit is first obtained under this Article by the purchaser or receiver from the sheriff of the county in which the

7

17. Under N.C.G.S. § 14-403, "[t]he sheriffs of any and all counties of this State <u>shall issue</u> to any person, firm, or corporation in any county a permit to purchase or receive any weapon mentioned in this Article . . ." after performing a criminal history background investigation, satisfying themselves as to the good moral character of the applicant, and satisfying themselves that the applicant desires the handgun for "the protection of the home, business, person, family or property," target shooting, collecting, or hunting. N.C.G.S. § 14-404(a) (emphasis added).

18. The sheriff may, "for good cause shown," decline to issue the PPP. The sheriff must provide a written statement of the reason(s) for refusal within seven days. Any denial must be based on one or more statutorily-enumerated grounds concerning the existence of a criminal history, mental incompetency, or drug addiction. N.C.G.S. § 14-404(b) & (c). In all events, the sheriff must act upon PPP applications within no more than 14 days. N.C.G.S. § 14-404(f) ("Each applicant for a license or permit shall be informed by the sheriff within 14 days of the date of the application whether the license or permit will be granted or denied.").

19. The related statutory scheme governing CHP applications similarly provides that the application may be denied only if the applicant fails to satisfy the

---

purchaser or receiver resides; or (ii) a valid North Carolina concealed handgun permit is held under Article 54B of this Chapter by the purchaser or receiver who must be a resident of the State at the time of the purchase.

eligibility criteria, and imposes on the sheriff a specific time limitation to act on the application. N.C.G.S. §14-415.15(c) ("A person's application for a permit shall be denied only if the applicant fails to qualify under the criteria listed in this Article. If the sheriff denies the application for a permit, the sheriff shall, within 45 days, notify the applicant in writing, stating the grounds for denial.").

## STATEMENT OF FACTS

20. On March 10, 2020, NC Governor Roy Cooper declared a statewide state of emergency in response to the spread of novel coronavirus infections, and the associated disease COVID-19.

21. On March 24, 2020, Defendant Sheriff Baker announced a temporary suspension in the acceptance and processing of PPP applications, through April 30th, 2020, citing as the basis for this action a significant increase in PPP applicants and concomitant concerns over social distancing violation by long lines of applicants. Baker was quoted in a WCET news article as saying, "[t]his decision does not limit anyone's right to purchase a handgun." The article is available at https://www.wect.com/2020/03/24/wake-county-sheriff-suspends-purchase-pistol-permits/ and a copy is attached hereto as Exhibit I. Baker was further quoted as saying, "[t]his decision is not a violation of anyone's Second Amendment Rights."

22. The following day, on March 25th, the following notice was prominently displayed on the public website Defendant Baker maintains for the Wake County Sheriff's Office: "Due to public health concerns related to the COVID-

9

19 pandemic; the Wake County Sheriff's Office will temporarily postpone accepting new applications for pistol purchase permits and new concealed carry permits until April 30th, 2020. [¶] Applications received prior to March 25, 2020 and a have [*sic*] *already* signed a mental health waiver will continued [*sic*] to be processed. Those applicants who have not already signed a mental health waiver will not be processed." Exhibit II (emphasis original). The next day, March 26th, the notice was amended to create an exception for those with existing CHPs set to expire before April 30th, providing that they could still apply during this period of time, but it continued to otherwise declare that no new applications for PPPs or CHPs would be accepted. Exhibit III.

23. Plaintiff Stafford is a law-abiding citizen and resident of Wake County, who is of good moral character, is not prohibited under any state or federal law from the purchase, receipt, transfer, possession, or other use of a firearm, and is in all other respects statutorily eligible to apply for and obtain a PPP. Plaintiff Stafford has been actively considering the purchase of a handgun for some time. In the wake of the recent public health crisis and the associated psychological and economic pressures increasing the potential of societal dangers as people face a scarcity of resources, she has become more concerned for the personal safety of herself and her family. This prompted Plaintiff Stafford to accelerate her purchase of a handgun to ensure she has it available during these times for self-defense and defense of her family in her home.

10

24. On March 26th, Plaintiff Stafford telephoned the Wake County Sheriff's office to inquire about proceeding with an application for a PPP, but she was informed that the office was not accepting PPP applications until after April 30th, consistent with the public notice on the website declaring the entire application process suspended.

25. Without a PPP issued by Defendant, Plaintiff Stafford is statutorily barred from purchasing any handgun for defense of herself and her family in her home.

26. Plaintiffs GRNC, SAF, and FPC have received inquiries from members wishing to obtain PPPs. Many have expressed outrage that the processing of PPP applications is being suspended concomitant with the imposition of increasingly stringent regulations limiting the free movement and activities of people.

**DECLARATORY JUDGMENT ALLEGATIONS**

27. Plaintiffs hereby incorporate by reference the allegations set forth above as though fully set forth herein.

28. There is an actual and present controversy between the parties. Plaintiffs contend that the actions of Defendant Baker challenged in this complaint have prohibited and are continuing to prohibit Individual Plaintiffs, the members and supporters of Institutional Plaintiffs, and all other similarly situated individuals from keeping, bearing, buying, selling, transferring, receiving, possessing, and/or transporting protected arms. Plaintiff therefore seek a judicial

11

declaration that the actions of Defendant challenged in this complaint violate Plaintiffs' constitutional and statutory rights as more specifically alleged in the Complaint.

**INJUNCTIVE RELIEF ALLEGATIONS**

29. Plaintiffs hereby incorporate by reference the allegations set forth above as though fully set forth herein.

30. Plaintiffs have suffered and are continuing to suffer injury from the challenged actions of Defendant Baker, insofar as those actions violate Plaintiffs' rights under the Second and Fourteenth Amendments by prohibiting the lawful bearing, buying, selling, transferring, receiving, possessing, and/or transporting of protected arms.

31. If not enjoined by this Court, Defendant Baker will continue with the challenged actions in derogation of the constitutional and statutory rights of Individual Plaintiffs, the members and supporters of Institutional Plaintiffs, and other similarly situated individuals and similarly situated law-abiding people.

32. Plaintiffs have no plain, speedy, and adequate remedy at law. Damages are indeterminate or unascertainable and, in any event, would not fully redress any harm suffered by Plaintiffs because they are unable to engage in constitutionally and statutorily protected activity.

33. Plaintiffs thus seek an injunction barring Defendant Baker from continuing his current practice of refusing new applications for PPPs and CHPs. As

to the PPP application process, Plaintiffs further seek, as an alternative form of relief, an injunction against the PPP requirement itself under N.C.G.S. § 14-402, until April 30, 2020, or for so long as Defendant Baker may fail or refuse to comply with an injunction against his current practice of refusing to perform his statutory obligations to accept and process the applications in accordance with N.C.G.S. § 14-402.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983**
**(Second and Fourteenth Amendments)**

34. Plaintiffs hereby incorporate by reference the allegations set forth above as though fully set forth herein.

35. There is an actual and present controversy between the parties concerning the constitutionality of Defendant Baker's current practice of refusing to accept new applications for PPP in the face of his statutory obligations under N.C.G.S. § 14-402.

36. The Second Amendment to the United States Constitution provides: "A well-regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed." The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008). It further "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Id.* at 635. The Second Amendment is

13

Case 5:20-cv-00123-FL   Document 8   Filed 03/27/20   Page 13 of 19

fully applicable to the States through the Fourteenth Amendment's Due Process and Privileges or Immunities Clauses. *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010).

37. Defendant Baker's current practice of refusing to accept or process any new PPP applications constitutes a *de facto* categorical ban the likes of which is absolutely prohibited under the supreme law of the land, because it erects an insurmountable bar to obtaining a handgun – the "class of 'arms' that is overwhelmingly chosen by American society for that lawful purpose" of self-defense – for any average law-abiding citizen in Wake County. *Heller*, 554 U.S. at 628; *id.* ("Under any of the standards of scrutiny that we have applied to enumerated constitutional rights, banning from the home the most preferred firearm in the nation to 'keep' and use for protection of one's home and family, would fail constitutional muster.").

38. Even looking to the tiers of scrutiny – for the sake of argument only since *Heller* mandates striking down a categorical ban like this, period – the most exacting degree of scrutiny would apply, which the ban would clearly fail despite (and partly *because* of) the current state of emergency. *See Bateman v. Perdue*, 881 F.Supp.2d 709, 716 (E.D.N.C. 2014) (a blanket ban on the possession, purchase, transportation, etc., of firearms and ammunition outside the home during a state of emergency could not survive strict scrutiny because "the emergency declaration statutes, are not narrowly tailored to serve the government's interest in public

14

safety" and "excessively intrude upon plaintiffs' Second Amendment rights by effectively banning them (and the public at large) from engaging in conduct that is at the very core of the Second Amendment at a time when the need for self-defense may be at its very greatest").

39. Defendant Baker's current practice of refusing to accept and process PPP applications have prohibited and are continuing to prohibit Individual Plaintiffs, the members and supporters of Institutional Plaintiffs, and all other similarly situated individuals from keeping, bearing, buying, selling, transferring, receiving, possessing, and/or transporting the quintessential class of protected arms, in violation of their Second Amendment rights. If not declared as unconstitutional and enjoined as such, Defendant Baker will continue with this practice, and Plaintiffs have no plain, speedy, and adequate remedy at law.

40. Plaintiffs thus seek an injunction barring Defendant Baker from continuing his current practice of refusing new application for PPPs and effectively compelling that he immediately resume accepting and processing application in accordance with his statutory duties. Plaintiffs further seek, in the alternative, an injunction against the PPP requirement itself under N.C.G.S. § 14-402 et seq., until April 30, 2020, or for so long as Defendant Baker may fail or refuse to comply with his statutory duties to accept and process the applications in accordance with N.C.G.S. § 14-402 et seq.

15

Case 5:20-cv-00123-FL    Document 8    Filed 03/27/20    Page 15 of 19

## SECOND CLAIM FOR RELIEF
## DEPRIVATION OF STATUTORY RIGHTS
## N.C.G.S. §§ 14-415.11, 14-415.12, 14-415.13, 14-415.15

41. Plaintiffs hereby incorporate by reference the allegations set forth above as though fully set forth herein.

42. Similar to the situation with PPP applicants, when an applicant satisfies the eligibility criteria for a CHP, the sheriff *shall* issue it, he must do so within a fixed period of time (no more than 45 days), and no exception exists for administrative complications, inadequate staff or resources, or any other extenuating circumstances. N.C.G.S. §§ 14-415.11(b), 14-415.12(a), 14-415.13(a), 14-415.15(a) & (c).

43. Defendant Baker's failure or refusal to accept and process new CHP applications in accordance with his statutory duties therefore violates the statutory rights of Individual Plaintiffs, the members and supporters of Institutional Plaintiffs, and other similarly situated individuals whose interests in lawfully carrying concealed handguns these statutes are designed to protect, thereby compounding the constitutional violations with respect to the suspension of all new PPP applications.

44. This Court has supplemental jurisdiction to adjudicate and afford Plaintiffs the necessary remedial declaratory and injunctive relief under 28 U.S.C. § 1367(a).

45. Plaintiffs therefore seek an injunction barring Defendant Baker from continuing his current practice of refusing new application for CHPs and effectively compelling that he resume accepting and processing them as statutorily mandated.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

(a) A declaratory judgment that Defendant Baker's current practice of failing or refusing to accept or process new PPP applications violates the fundamental rights of Individual Plaintiffs, the members and supporters of Institutional Plaintiffs, and all those similarly situated, under the Second and Fourteenth Amendments to the United States Constitution, entitling them to relief under 42 U.S.C. § 1983.

(b) A temporary restraining order, preliminary injunction, and permanent injunction against Defendant Baker, and all officers, agents, servants, employees, and all persons in concert or participation with him who receive notice of the same, prohibiting the current practice of failing or refusing to accept or process new PPP applications, with such directions and orders as are necessary to effectively compel the immediate resumption of accepting and processing PPP applications in accordance with the procedures established under N.C.G.S. § 14-402 et seq.

(c) Should Defendant Baker fail or refuse to discharge his statutory duties to accept and process PPP applications in accordance with N.C.G.S. § 14-402 et seq., an alternative temporary restraining order and preliminary injunction against the

PPP requirement itself under N.C.G.S. § 14-402 et seq., until April 30, 2020, or for so long as Defendant Baker may fail or refuse to discharge those statutory duties.

(d) A declaratory judgment that Defendant Baker's current practice of failing or refusing to accept or process new CHP applications violates the statutory rights of Individual Plaintiffs, the members and supporters of Institutional Plaintiffs, and other similarly situated individuals N.C.G.S. §§ 14-415.11(b), 14-415.12(a), 14-415.13(a), 14-415.15(a) & (c), entitling them to effective relief.

(e) A preliminary and permanent injunction against Defendant Baker, and all officers, agents, servants, employees, and all persons in concert or participation with him who receive notice of the same, prohibiting the current practice of failing or refusing to accept or process new CHP applications, with such directions and orders as are necessary to effectively compel the immediate resumption of accepting and processing CHP applications in accordance with the procedures established under N.C.G.S. §§ 14-415.11(b), 14-415.12(a), 14-415.13(a), 14-415.15(a) & (c).

(f) An award of nominal damages against Defendants, pursuant to 42 U.S.C. § 1983 and any other applicable law, for violating Plaintiffs' constitutional rights.

(g) Any and all other and further relief, including injunctive relief, against Defendants as may be necessary or appropriate to effectuate the Court's judgment, or as the Court otherwise deems just and equitable; and,

(h) Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable law.

## JURY DEMAND

Plaintiffs hereby demands a jury trial.

Dated this 27th day of March, 2020.

Respectfully Submitted,

/s/ Edward H. Green, III
Edward H. Green, III, Esq.
Coats & Bennett, PLLC
1400 Crescent Green
Suite 300
Cary, NC 27518
P: 855-369-8895
E: edgreen3@earthlink.net

/s/ Raymond M. DiGuiseppe
Raymond M. DiGuiseppe, Esq.
The DiGuiseppe Law Firm, P.C.
4320 Southport-Supply Road
Suite 300
Southport, NC 28461
P: 910-713-8804
E: law.rmd@gmail.com

/s/ Adam Kraut
Adam Kraut, Esq.
Firearms Policy Coalition
1215 K Street
17th Floor
Sacramento, CA 95814
P: (916) 476-2342
E: akraut@fpclaw.org
