IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:20-CV-00123-FL

| | |
|---|---|
| KELLY STAFFORD; GRASS ROOTS NORTH CAROLINA; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC., <br><br>Plaintiffs, <br><br>v. <br><br>GERALD M. BAKER, in his official capacity as Sheriff of Wake County, North Carolina, <br><br>Sheriff Baker. | **SHERIFF BAKER'S ANSWER** |

NOW COME Sheriff Baker Gerald M. Baker, in his official capacity as Sheriff of Wake County, North Carolina ("Sheriff Baker" or "Sheriff Baker"), by and through his undersigned attorneys, hereby responds to the Plaintiffs' Complaint as follows:

### **FIRST DEFENSE**

Responding to the specific allegations of the Plaintiffs' Complaint, Sheriff Baker respond as follows:

1. This paragraph is denied. In particular, it is denied Plaintiffs are entitled to any relief against Sheriff Baker.

2. This paragraph states a legal conclusion and the law will be determined and applied by the Court. Except as admitted, this paragraph is denied.

3. This paragraph states a legal conclusion and the law will be determined and applied by the Court. Except as admitted, this paragraph is denied.

1

4. This paragraph states a legal conclusion and the law will be determined and applied by the Court. Except as admitted, this paragraph is denied.

5. Upon information and belief, it is admitted Plaintiff Kelly Stafford ("Stafford") is a citizen and resident of Wake County. It is further admitted she has applied for and been issued a Pistol Purchase Permit ("PPP"). Except as admitted, this paragraph is denied.

6. This paragraph states a legal conclusion and the law will be determined and applied by the Court. Except as admitted, this paragraph is denied.

7. Upon information and belief, GRNC is a non-profit organization organized pursuant to IRS §501(c)(3). Except as admitted, this paragraph is denied as Sheriff Baker lacks sufficient knowledge and information upon which to form a belief as to the truth of this paragraph.

8. This paragraph is denied as Sheriff Baker lacks sufficient knowledge and information upon which to form a belief as to the truth of this paragraph.

9. This paragraph is denied as Sheriff Baker lacks sufficient knowledge and information upon which to form a belief as to the truth of this paragraph.

10. This paragraph is denied.

11. This paragraph is denied.

12. This paragraph is denied. It is expressly denied Plaintiffs are entitled to any relief against Sheriff Baker.

13. It is admitted Sheriff Baker is the duly elected Sheriff of Wake County. Except as admitted, this paragraph states a legal conclusion and the law will be determined and applied by the Court. Except as admitted, this paragraph is denied.

14. This paragraph states a legal conclusion and the law will be determined and applied by the Court. Except as admitted, this paragraph is denied.

15. This paragraph states a legal conclusion and the law will be determined and applied

by the Court. Except as admitted, this paragraph is denied.

16. NC. Gen. Stat. § 14-404(a) is the best evidence of its contents. Except as admitted, this paragraph is denied.

17. NC. Gen. Stat. § 14-403 and 14-404 are the best evidence of their contents. Except as admitted, this paragraph is denied.

18. NC. Gen. Stat. § 14-404 is the best evidence of its contents. Except as admitted, this paragraph is denied.

19. NC. Gen. Stat. § 14-415 is the best evidence of its contents. Except as admitted, this paragraph is denied.

20. This paragraph is admitted. It is further admitted that any Executive Order entered by Governor Roy Cooper is the best evidence of its contents and that he did enter Executive Order 116 on March 10, 2020.

21. The WCET on-line article is the best evidence of its contents. It is admitted on or about March 24, 2020, Sheriff Baker announced a temporary suspension of new applications for PPP or Concealed Handgun Permits ("CHP") (PPP and CHP are collectively referred to as the "Permits") due to factors involving Covid-19 and Executive Orders from Gov. Cooper. Except as admitted, this paragraph is denied.

22. Exhibit III is the best evidence of its contents and that the content of Exhibit III is from the public website of the Wake County Sheriff's Office. Except as admitted, this paragraph is denied.

23. It is admitted Stafford applied for a PPP and has received such permit from Sheriff Baker. Except as admitted, Sheriff Baker lacks sufficient knowledge and information upon which to form a belief as to the truth of this paragraph. And therefore, it is denied.

24. This paragraph is denied as Sheriff Baker lacks sufficient knowledge and

information upon which to form a belief as to the truth of this paragraph.

25. It is admitted a PPP is required to purchase a handgun in North Carolina. Except as admitted, this paragraph is denied.

26. This paragraph is denied as Sheriff Baker lacks sufficient knowledge and information upon which to form a belief as to the truth of this paragraph.

27. Sheriff Baker incorporates all prior responses.

28. It is admitted Plaintiffs seek declaratory relief in this action. It is further admitted Plaintiffs are not entitled to any of the relief sought in this action. Except as admitted, this paragraph is denied.

29. Sheriff Baker incorporates all prior responses.

30. This paragraph is denied.

31. This paragraph is denied.

32. This paragraph is denied.

33. It is denied Plaintiff are entitled to any relief described in this paragraph. It is further admitted Plaintiffs' claims for injunctive relief were denied by the Court in the Order dated February 18, 2021 (D.E. 26).

34. Sheriff Baker incorporates all prior responses.

35. This paragraph is denied.

36. This paragraph states a legal conclusion and the law will be determined and applied by the Court. Except as admitted, this paragraph is denied.

37. This paragraph is denied.

38. This paragraph states a legal conclusion and the law will be determined and applied by the Court. Except as admitted, this paragraph is denied.

39. This paragraph is denied.

40. It is denied Plaintiff are entitled to any relief described in this paragraph. It is further admitted Plaintiffs' claims for injunctive relief were denied by the Court in the Order dated February 18, 2021 (D.E. 26).

41. Sheriff Baker incorporates all prior responses.

42. This paragraph states a legal conclusion and the law will be determined and applied by the Court. NC. Gen. Stat. § 14-415.11, .12, .13 and .15 are the best evidence of their contents. Except as admitted, this paragraph is denied.

43. This paragraph is denied.

44. This paragraph is denied.

45. It is denied Plaintiff are entitled to any relief described in this paragraph. It is further admitted Plaintiffs' claims for injunctive relief were denied by the Court in the Order dated February 18, 2021 (D.E. 26).

46. Any and all allegations in the Complaint not admitted are herein denied.

## SECOND DEFENSE

47. Sheriff Baker incorporates all prior defenses as if fully set forth.

48. At all times referenced in the Complaint, Sheriff Baker was acting on the elected Sheriff of Wake County and is a law enforcement officer. Law enforcement is a governmental function and as Sheriff Baker's actions were committed as a law enforcement officer, Sheriff Baker was acting as a Public Official.

49. Sheriff Baker's actions, as a Public Official, and exercising governmental functions, were carried out exercising his discretion or judgment. In particular, Sheriff Baker was processing applications for Permits in compliance with N.C. statutory law, Executive Orders by Gov. Cooper, and orders by the Wake County Board of Commissioners.

50. Sheriff Baker's actions were not committed with malice or corruption.

51. Sheriff Baker's actions were committed within the scope of his authority.

52. To the extent the complaint contains claims against Sheriff Baker and such claims are against Sheriff Baker in his official capacity, he was at all times performing law enforcement activities, which constitute a governmental function, and were carried out by him as a public official. Sheriff Baker, in his official capacity and/or as a governmental or public official, is protected by governmental immunity and Public Official immunity in the performance of governmental and public official functions, and this immunity has not been waived. The defenses of governmental immunity and Public Official immunity are pled as defenses to the Complaint.

### THIRD DEFENSE

53. Sheriff Baker incorporates all prior defenses as if fully set forth.

54. To the extent the Complaint contains claims against Sheriff Baker arising in the connection with their performance of law enforcement activities and functions, at all times, such actions were taken in an objectively reasonable manner and did not violate any of Plaintiff's clearly established statutory or constitutional rights. The doctrine of qualified immunity is pled as a defense to any claim asserted against Sheriff Baker and the doctrine of qualified immunity is pled as a defense to the Complaint.

### FOURTH DEFENSE

55. Sheriff Baker incorporates all prior defenses as if fully set forth.

56. To the extent the Complaint contains claims against Sheriff Baker arising in connection with his performance of law enforcement functions, he acted pursuant to policies and procedures at the Wake County Sheriff's Office. These policies, customs and training comply with the United States Constitution and are pled as a complete defense to Plaintiff's Complaint.

### FIFTH DEFENSE

57. Sheriff Baker incorporates all prior defenses as if fully set forth.

58. On or about March 24, 2020, Sheriff Baker announced his intention to temporarily suspend accepting new applications for Permits until April 30, 2020.

59. On the same day that Plaintiffs filed this action (March 27, 2020), an action was filed in the Superior Court of Wake County North Carolina by a different plaintiff, seeking immediate injunctive relief in the form of a court order to require Sheriff Baker "to resume processing applications for concealed carry and other firearms permits immediately". (Groo v. Wake County Sheriff's Office and Gerald Baker, Amended Complaint, case file No. 20 CVS 4400; "Groo Case").

60. After a hearing, a Consent Order was signed by the Hon. A. Graham Shirley, Judge Presiding, on March 31, 2020 and was filed the same day with the Wake County Clerk of Court. In the Consent Order, Judge Shirley made findings of fact that included judicial findings of the existence of a state-wide state of emergency declared by Gov. Cooper beginning on March 10, 2020, the President's declaration of a state of emergency that began on March 13, 2020 and a Wake County Proclamation of Emergency Restrictions limiting gatherings larger than 50 persons that went into effect on March 22, 2020. The Court further found that from March 10, 2020 to March 24, 2020, the date of the announcement by Sheriff Baker to suspend accepting new applications for Permits, the Wake County Sheriff's Office received applications in numbers greater than the County's limit on gatherings exceeding 50 persons. Finally, the Court found that Sheriff Baker's action to temporarily suspend the application process was due to his efforts to comply with the declared states of emergency and out of concern for the health and welfare of Wake County citizens, Wake County Sheriff's Office personnel and jail inmates housed in proximity to the application processing location.

61. The Consent Order entered by Judge Shirley ultimately required Sheriff Baker to

modify the application process to restrict or deny applicants access to the Wake County Public Safety Center, and to resume accepting applications for PPP 7 (seven) days of the Consent Order's date (March 31, 2020). See Exhibit A, the Consent Order in Groo Case.

62. The effect of the Consent Order was that Defendant Baker would begin accepting applications on or before April 7, 2020 rather than extending the moratorium to April 30, 2020 or beyond. As such, the total length of the suspension was, therefore, no more than 13 calendar days.

63. Sheriff Baker's has complied with the Consent Order.

64. The above moots the claims asserted by Plaintiffs in this action. Mootness is pled as a defense to Plaintiff's action.

65. The entry of the Consent Order also bars all relief sought in this action and it is pled as a defense to the claims asserted by Plaintiffs in this action.

WHEREFORE, Sheriff Baker respectfully requests of the Court as follows:

1. That the Complaint be dismissed and any and all relief sought through it be denied;

2. That the costs of this action, including attorneys' fees as allowed by law, be taxed against Plaintiffs;

3. That the issues subject to a trial by jury be tried by a jury; and

4. That the Court grant Sheriff Baker any other relief it deems just and proper.

This the 2nd day of March, 2021.

**POYNER SPRUILL LLP**

By: /s/ J. Nicholas Ellis
J. Nicholas Ellis
N.C. State Bar No.: 13484
301 Fayetteville St., Suite 1900
Raleigh, N.C. 27601
Telephone: 919-782-2907
Fax: 919-783-1075
Email: jnellis@poynerspruill.com
*Attorneys for Sheriff Baker*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, pursuant to the provisions of Rule 5 of the Federal Rules of Civil Procedure, that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Edward H. Green, III<br>Coats & Bennett, PLLC<br>1400 Crescent Green, Suite 300<br>Cary, NC 27518<br>Egreen3@coatsandbennett.com | Raymond M. DiGuiseppe<br>The DiGuiseppe Law Firm, P.C.<br>4320 Southport Supply Road, Suite 300<br>Southport, NC 28461<br>law.rmd@gmail.com |
| Adam Kraut<br>Firearms Policy Coalition<br>1215 K Street, 17th Floor<br>Sacramento, CA 95814<br>akraut@fpclaw.org | |

This the 2nd day of March, 2021.

                                                        **POYNER SPRUILL LLP**

                                      By:    /s/ J. Nicholas Ellis
                                                        J. Nicholas Ellis
                                                        N.C. State Bar No.: 13484
                                                        301 Fayetteville St., Suite 1900
                                                        Raleigh, N.C. 27601
                                                        Telephone: 919-782-2907
                                                        Fax: 919-783-1075
                                                        Email: jnellis@poynerspruill.com
                                                        *Attorneys for Sheriff Baker*