IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:20-CV-123-FL

| | |
|---|---|
| KELLY STAFFORD; GRASS ROOTS NORTH CAROLINA; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GERALD M. BAKER, in his official capacity of Sheriff of Wake County, North Carolina,<br><br>Defendant. | **JOINT DISCOVERY PLAN AND REPORT OF CONFERENCE PURSUANT TO FED. R. CIV. P. 26(f)** |

I. **F.R.C.P. 26(f) Conference.** The undersigned attorneys for all parties certify that a conference was held pursuant to Fed. R. Civ. P. 26(f). The parties spoke by telephone on March 8, 2021. The attorneys participating in the meeting and following discussions were:

| | |
|---|---|
| Edward H. Green, III<br>N.C. State Bar No. 26843<br>Coats & Bennett, PLLC<br>1400 Crescent Green, Suite 300<br>Cary, NC 27518<br>Telephone: 855-369-8895<br>Egreen3@coatsandbennett.com<br>***COUNSEL FOR PLAINTIFFS*** | Raymond M. DiGuiseppe<br>The DiGuiseppe Law Firm, P.C.<br>N.C. State Bar No. 41807<br>4320 Southport Supply Road, Suite 300<br>Southport, NC 28461<br>Telephone: 910-713-8804<br>law.rmd@gmail.com<br>***COUNSEL FOR PLAINTIFFS*** |
| | J. Nicholas Ellis<br>N.C. State Bar No. 133484<br>Poyner Spruill LLP<br>301 Fayetteville St., Suite 1900<br>Raleigh, N.C. 27601<br>Telephone: 919-783-2907<br>***COUNSEL FOR DEFENDANT BAKER*** |

II.     **Rule 26(a)(1) Initial Disclosures.**  No later than April 7, 2021, the parties shall exchange the information required by Federal Rule of Civil Procedure 26(a)(1).

III.    **Joint Report and Plan.** The Parties jointly propose to the Court the following discovery plan, which has been filed within fourteen (14) days after the Parties' Rule 26(f) conference:

A.      **Nature and Complexity of the Case.**  This case involves Plaintiffs' claims of a violation of the 2nd Amendment of the US Constitution and related damages concerning the temporary suspension by Sheriff Gerald Baker of accepting and processing applications for Pistol Purchase Permits ("PPP") and Concealed Handgun Permits ("CHP") (PPP and CHP are collectively referred to as the "Permits").  The case also involves the legal and affirmative defenses asserted by Sheriff Gerald Baker to such claims.

B.      **Jurisdiction.** This Court has subject matter jurisdiction based on diversity of citizenship arising under 28 U.S.C. §§ 1331.

  i.    **Key Factual or Legal Issues.**  At this time, the key factual and legal issues believed to be involved in this case include whether:

   1. Did the suspension by Sheriff Gerald Baker of accepting and processing applications for Permits violate Plaintiff's 2nd Amendment rights under the US Constitution?

   2. If Plaintiffs' 2nd Amendment rights were violated, what damages, if any, are Plaintiffs entitled to recover from Defendant?

IV.     **Parties' Plan for Proposed Discovery**.

A. **Discovery Subjects.** The Parties believe that discovery will be needed on the allegations raised by Plaintiffs' Complaint and Defendant's Answer. This is anticipated to relate to Plaintiffs' claims, the defenses raised by Defendant, expert discovery, all other issues raised by the pleadings, and other such matters as may lead to the discovery of admissible evidence. This statement does not waive any objection that a party may have to specific discovery requests.

B. **Discovery Time Period**. Discovery will commence on the date a Discovery Scheduling Order is entered by the Court and will be completed by October 29, 2021.

C. **Bifurcation or Limitations.** The Parties do not see a need to phase, bifurcate, or limit discovery at this time.

D. **Discovery Categories**.

  i. Interrogatories

   a. Plaintiffs may serve a maximum of 30, excluding subparts, upon Defendant. Responses are due 60 days after service, unless extended by the Court.

   b. Defendant may serve a maximum of 30, excluding subparts, upon each Plaintiff. Responses are due 60 days after service, unless extended by the Court.

  ii. Requests for Admission

   a. Plaintiffs may serve a maximum of 25 Requests for Admission upon Defendant. Responses are due 60 days after service, unless extended by the Court. There shall be no limit on the number of requests for admission Plaintiffs may serve solely to authenticate documents and things.

3

      b. Defendant may serve a maximum of 25 Requests for Admission upon each Plaintiff. Responses are due 60 days after service, unless extended by the Court. There shall be no limit on the number of requests for admission that Defendant may serve on each Plaintiff solely to authenticate documents and things.

  iii. <u>Requests for Production of Documents</u>

      a. Plaintiffs may serve a maximum of 30, excluding subparts, upon Defendant. Responses are due 60 days after service, unless extended by the Court.

      b. Defendant may serve a maximum of 30, excluding subparts, upon each Plaintiff. Responses are due 60 days after service, unless extended by the Court.

  iv. <u>Depositions</u>

      a. Plaintiffs may take a maximum of ten depositions, exclusive of expert witnesses.

      b. Defendant may take a maximum of ten depositions, exclusive of expert witnesses.

      c. Each deposition shall be limited to a maximum of seven hours, exclusive of any breaks, unless extended by agreement of the Parties or by Order of the Court;

      d. The Parties may begin the deposition process once the Court has entered its Case Management Order.

E. **Electronic Discovery.** The parties may seek disclosure or discovery of electronically stored information. At this point, the parties are not aware of the full extent of relevant information, if any, that may be stored electronically. Neither Plaintiffs nor Defendant has identified any non-party from whom they intend to seek electronic information.

The following provisions shall apply to any production of electronically stored information:

    i. <u>Form of Production/Preservation</u>: The parties agree that discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable.

    ii. <u>Preservation/Retention Steps</u>: The parties further agree that after they are served with a request for production that seeks electronically stored information, they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, but the parties agree that the parties are not required to deviate from their normal records retention policies with respect to electronically stored information or other records which have not been previously identified by the parties as relevant to this action.

F. **Privileged or Trial-Preparation Material.** The parties do not currently foresee any issues related to claims of privilege or protection as trial-preparation materials, and agree that any such issues that may arise in the future shall be resolved pursuant to the Federal Rules of Civil Procedure.

G. **Discovery Completion Date.** All written discovery must be served on or before, and all other forms of discovery and depositions must be completed by, October 29, 2021.

H. **Rule 26(e) Supplementations.** Must be provided in compliance with Federal Rules of Civil Procedure 26(e), but no later than August 31, 2021.

I. **No particular discovery problems are anticipated by the parties.** The parties do not currently anticipate any problems with the timing or nature of the discovery process.

J. **Absence of a party after service of discovery.** The parties agree that responses by, or responses to discovery propounded by one party, may be used by the other parties, even in the event that the propounding or responding party may no longer be a party to this action.

K. **Inadvertent Disclosure of Confidential Information by Designating Person.** Any party person who is notified that documents and/or information have been inadvertently produced ("IP Documents") shall treat the information as subject privileged to the producing party, may not be use the information for any purpose, and shall destroy or return it, unless and until the Court determines that such designation does not apply. Such receiving person shall make reasonable efforts to notify all other persons to whom the person has provided the IP Documents that such material shall be treated and handled in accordance with this provision.

> i. If a party or other person receiving IP Documents learns that, by inadvertence or otherwise, it has disclosed such information under circumstances not authorized, such receiving party or person shall immediately (a) notify in writing the person who designated the information as an IP Document of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the IP Documents; and (c) inform

6

the person or persons to whom unauthorized disclosure was made of all the terms of this provision.

  ii. A party shall not be obligated to challenge the propriety of an IP Document designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto. Counsel for any party may at any time object to the designation of any material as an IP Document and seek the release of such material from the terms and provisions of this provision by making such request in writing to the person who designated such material as an IP Document. Upon making such a request, the party requesting the release shall initiate a "meet and confer" among all parties. The "meet and confer" may be done by phone and shall occur within five days of the request. If the parties are unable to agree as to whether the material at issue is properly designated, counsel for any party may file a motion contesting such designation with the Court. On such a motion, the party seeking to have the material designated as an IP Document shall bear the burden of proof and persuasion. Pending a ruling from the Court, information originally designated as IP Documents shall be subject to these provisions until the Court rules otherwise.

V. **Other Proposed Deadlines**

  A. **Expert Disclosures and Other Expert Provisions.**

    i. <u>Expert Disclosure Dates.</u> Disclosure of Expert Witnesses by the Plaintiffs and reports thereof pursuant to Rule 26(a)(2) shall be due by

July 16, 2021 and from Defendant by August 13, 2021. Disclosure of Rebuttal Expert Witnesses by Plaintiffs and Defendant, and reports therefor pursuant to Rule 26(a)(2), shall be simultaneously due on September 13, 2021.

    ii. <u>Expert Deposition Deadlines</u>. Each designating party shall make experts available for deposition during the sixty (60) day period following that expert's disclosure date.

    iii. <u>Costs.</u> The costs for expert-related discovery will be borne by the parties as provided by Fed. R. Civ. P. 26(b)(4)(E).

B. **Joining Additional Parties.** Any motions to join additional parties shall be filed by May 10, 2021.

C. **Amending Pleadings.** Any motions to amend the pleadings shall be filed by May 17, 2021, unless good cause is shown by the moving party. The parties agree that the foregoing does not restrict or apply to amendments made pursuant to Fed. R. Civ. P. 15(b).

D. **Motions.** All motions, including any dispositive motions and motions to exclude experts or portions expert testimony, shall be filed on or before November 30, 2021. The parties agree that this deadline does not apply to Motions *in limine*.

E. **Pretrial Conference.** The parties propose a Pretrial Conference be held 60 days after the Court has issued its rulings on all outstanding dispositive motions.

F. **Trial Date.** The parties propose a trial date to occur no earlier than thirty days after the Pre-Trial Conference. The trial of the action is expected to take 3-4 days.

G. **Mediation.** The parties agree that mediation will be more productive after conducting the bulk of discovery, and agree that a formal mediation will be held on or before the

discovery completion date above of October 29, 2021.  The prospects for settlement of this matter are unknown at this time. The parties intend on filing a statement with the Clerk regarding the selection of an agreed-upon mediator, pursuant to Local Rule 101.1c(a).

    VI.    **Magistrate.**  The parties do not consent to US Magistrate Judge jurisdiction.

    VII.    **Early Pretrial Conference.**  The parties do not request a conference prior to the entry by this Court of its Case Management Order.

Respectfully submitted this, the 11th day of March, 2021.

| | |
|---|---|
| s/Edward H . Green, III<br>Edward H. Green, III<br>N.C. State Bar No. 26843<br>Coats & Bennett, PLLC<br>1400 Crescent Green, Suite 300<br>Cary, NC  27518<br>Telephone:  855-369-8895<br>Egreen3@coatsandbennett.com<br>***COUNSEL FOR PLAINTIFFS*** | s/Raymond M. DiGuiseppe<br>Raymond M. DiGuiseppe<br>The DiGuiseppe Law Firm, P.C.<br>N.C. State Bar No. 41807<br>4320 Southport Supply Road, Suite 300<br>Southport, NC  28461<br>Telephone:  910-713-8804<br>law.rmd@gmail.com<br>***COUNSEL FOR PLAINTIFFS*** |
| s/Adam Kraut<br>Adam Kraut<br>*Appearing Pro Hac Vice*<br>Firearms Policy Coalition<br>1215 K Street, 17th Floor<br>Sacramento, CA  95814<br>Telephone:  916-476-2342<br>akraut@fpclaw.org<br>***COUNSEL FOR PLAINTIFFS*** | s/J. Nicholas Ellis<br>J. Nicholas Ellis<br>N.C. State Bar No. 133484<br>Poyner Spruill LLP<br>301 Fayetteville St., Suite 1900<br>Raleigh, N.C.  27601<br>Telephone:  919-783-2907<br>***COUNSEL FOR DEFENDANT*** |

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing **JOINT DISCOVERY PLAN AND REPORT OF CONFERENCE PURSUANT TO FED. R. CIV. P. 26(f)** has been filed with the Clerk of Court for the United States District Court, Eastern District of North Carolina, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented to accept service by electronic means.

    This 12th day of March, 2021.

    **POYNER SPRUILL LLP**

By: /s/ J. Nicholas Ellis
J. Nicholas Ellis
N.C. State Bar No. 13484
301 Fayetteville St., Suite 1900
Raleigh, N.C. 27601
Tel: 919.783.2907
Fax: 919.783.1075
Email: jnellis@poynerspruill.com
*Attorneys for Sheriff Gerald Baker* .