IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:20-CV-00123-FL

KELLY STAFFORD; GRASS ROOTS
NORTH CAROLINA; SECOND
AMENDMENT FOUNDATION; and
FIREARMS POLICY COALITION,
INC.,

Plaintiffs,

v.

**CONSENT ORDER**

GERALD M. BAKER, in his official
capacity as Sheriff of Wake County,
North Carolina,

Defendant.

THIS MATTER is before the Court for entry of a Consent Order. Plaintiffs are represented by Edward H. Green, III, Raymond M. DiGuiseppe and Adam Kraut, and Defendant is represented by J. Nicholas Ellis. After considering this matter and by and with the Consent of the Parties, the Court finds that the Parties have agreed and consented to resolving the material issues remaining in this disputed matter, and the Parties desire to memorialize this agreement in a Consent Order as shown by the signatures of the Parties and their respective attorneys' below. Therefore, with the consent of all the Parties, the Court finds that the Parties have agreed to the following:

1. This matter is properly before the Court, and the Court has jurisdiction over the Parties and subject matter at issue.

2. Plaintiffs filed this action on March 27, 2020 (D.E. 8) which in relevant part alleged various constitutional and statutory violations resulting from Defendant Sheriff Gerald Baker's decision to temporarily suspend acceptance and processing of applications for Pistol Purchase

1

Permits ("PPP"), a process governed by Chapter 14, Article 52A of the North Carolina General Statutes.

3. Plaintiffs' Complaint requested the Court issue a Declaratory Judgment to determine their rights to apply for PPP's; to issue a Temporary Restraining Order and Preliminary Injunction preventing Sheriff Gerald Baker from suspending the processing of applications for PPP's; to issue a permanent injunction preventing Sheriff Gerald Baker from suspending the processing of applications for PPP's; and, to award monetary damages to Plaintiffs.

4. Defendant Sheriff Gerald Baker moved to dismiss Plaintiffs' action (D.E. 16, 17) by contending Plaintiffs had failed to state a claim upon which relief could be granted. In support of his Motion to Dismiss, Sheriff Gerald Baker cited the following as reasons for his suspension of processing PPP applications:

   a. On March 10, 2020 the governor of the state of North Carolina declared a state of emergency in response to the COVID-19 pandemic outbreak; on March 13, 2020 the president of the United States declared a state of emergency; on March 22, 2020 the Wake County Board of Commissioners declared an emergency and issued a Proclamation of Emergency Restrictions, with the Proclamation confirming multiple instances of community spread of the COVID-19 virus, activating the Emergency Operations Plan and limiting mass gatherings of 50 or more people.

   b. From March 10, 2020 to March 24, the Wake County Sheriff's Office received PPP applications in unprecedented numbers, causing gatherings of 50 or more people in the lobby of the Wake County Public Safety Center, which would be in violation of the March 22, 2020 Proclamation of Emergency Restrictions.

2

c. Defendant Sheriff Gerald Baker's decision to temporarily suspend acceptance and processing of PPP applications was based on his good faith efforts to comply with Proclamation of Emergency Restrictions and his paramount and legitimate concern for the public health and safety in light of the existing declared states of emergency due to the COVID-19 pandemic outbreak being specifically concerned for the health and welfare of the citizens of Wake County, the Wake County Sheriff's Office personnel and the jail residents housed in the Wake County Public Safety Center, the same location where said PPP applications were accepted and processed.

5. In opposing the motion to dismiss, Plaintiffs contended, among other things, that:

   a. All other businesses and entities Wake County interfacing with the public were subject to the same emergency restrictions imposing congregation limits, social distancing, and other infectious disease protocols when Defendant Baker suspended accepting new PPP applications. His obligation to comply with these restrictions is not and has never been a uniquely governmental interest so as to justify a complete suspension of his statutory duties to process the applications necessary for Wake County residents to lawfully exercise their constitutional rights to carry firearms in public.

   b. Defendant Baker has cited no evidence that halting PPP applications – but not other functions of the Sheriff's Office – would have had any significant effect on the spread of COVID-19 or that the rate of infection would have been any greater had the application process continued with the use of the same safety protocols all other businesses have employed in continuing

3

their operations. Nor did he suspend any of the other myriad functions of his office which entail a greater degree of interaction with the public and thus a greater degree of the risk that he claimed he was seeking to avoid in suspending the acceptance and processing of all new PPP applications.

   c. Defendant Baker's resumption of the PPP application process after this action was commenced against him demonstrates that his office is and was all along capable of safely and effectively accepting and processing a high-volume of applications even during the prevailing conditions of this pandemic.

6. After the Parties submitted briefs on the Motion to Dismiss, the Court entered an Order on February 18, 2021 (D.E. 26), granting in part and denying in part the Motion to Dismiss filed by Sheriff Gerald Baker. In this Order, the Court dismissed without prejudice Plaintiffs' claims for violation of state law and for injunction relief. The Court ruled that Plaintiffs' remaining claims could proceed, including their claims for nominal damages under 42 USC §1983 and associated claims for declaratory relief and attorney's fees.

7. Plaintiffs contend Defendant Sheriff Gerald Baker violated their 2nd Amendment rights under the U.S. Constitution by suspending the acceptance and processing PPP applications during a period of 13 days.

8. Sheriff Gerald Baker denies he violated any of Plaintiffs' rights under the 2nd Amendment of the U.S. Constitution or that he violated any other lawful right of Plaintiffs.

9. The Parties agree this is a disputed claim and desire to resolve the outstanding legal issues in this case.

10. In order to continue to provide PPP application services to the citizens of Wake County in a safe and effective manner in light of the current pandemic and in order to resolve the issues before the Court, Defendant Sheriff Gerald Baker has agreed to modify the PPP application process so as to minimize or alleviate the admission of applicants for said permits to the Public Safety Center during the term of the current declared states of emergency and to immediately resume processing applications pursuant to state law.

11. The Parties agree that the Wake County Sheriff's Office and Sheriff Gerald Baker shall have a reasonable period of time, not to exceed 30 days, within which to implement the terms of this order, including making any payment described in this Consent Order.

12. It is agreed that the Court retains jurisdiction in the event the need for further guidance or hearings is necessary to affect the terms and conditions of this Consent Order.

13. Defendant Sheriff Gerald Baker agrees to pay Plaintiffs collectively $1,300.00 for any damage the suspension of processing PPP applications may have caused and agrees to pay Plaintiffs the amount of $25,000.00 for legal fees and costs incurred by Plaintiffs.

14. Except as stated in this Consent Order, the Parties shall bear their own costs and fees.

15. The Parties agree the relief incorporated in this Consent Order shall be the exclusive relief afforded to Plaintiffs in this action.

NOW, THEREFORE, it is hereby ORDERED that the Wake County Sheriff's Office and Defendant Sheriff Gerald Baker accept and process PPP applications fully consistent with Chapter 14, Article 52A of the North Carolina General Statues, including the statutory deadlines therein, and this Consent Order.

This the 14th day of June, 2021.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge

CONSENTED TO BY:

*/s/ Edward H. Green, III*
Edward H. Green, III
Counsel for Plaintiffs

*/s/ Raymond M. DiGuiseppe*
Raymond M. DiGuiseppe
Counsel for Plaintiffs

*/s/ Adam Kraut*
Adam Kraut
Counsel for Plaintiffs

*/s/ J. Nicholas Ellis*
J. Nicholas Ellis
Counsel for Defendant Sheriff Gerald Baker

*/s/ Kelly Stafford*
Kelly Stafford

GRNC/FFE OF NORTH CAROLINA

By: */s/*
Name: F. Paul Valone II
Title: President

SECOND AMENDMENT FOUNDATION

By: */s/*
Name: J.H. Versnel
Title: OO

6

**FIREARMS POLICY COALITION, INC.**

By: _____
Name: Brandon Combs
Title: President

_____
Sheriff Gerald Baker

7